UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Joseph A. Foistner et al.</u>

     v.                                              Case No. 24-cv-318-SE
                                                      Opinion No. 2025 DNH 112

<u>Edmond J. Ford, Substituted
For Victor W. Dahar</u>[1]

**<u>O R D E R</u>**

After Joseph Foistner filed a voluntary bankruptcy petition, the bankruptcy trustee commenced an adversary proceeding against Foistner, his wife Laurie, and various other individuals and entities. The Foistners and two of those entities, the JFL Trust[2] and the DCMV Trust, (collectively, the Appellants) appeal from a bankruptcy court order issued in the adversary proceeding which denied their request to amend their answer and assert counterclaims and third-party claims after the deadline to do so had passed. Edmond Ford, the trustee in Foistner's underlying bankruptcy case and the plaintiff in the adversary proceeding, moves to dismiss the appeal. He argues, among other things, that the bankruptcy court's order is an interlocutory order that is not subject to appeal. The court agrees and, because it declines to exercise its discretion to grant leave to appeal, grants Ford's motion to dismiss.

---

[1] The Appellants named as Appellee Victor Dahar, the original trustee in their underlying bankruptcy cases. Dahar passed away after the Appellants instituted this appeal. Edmond Ford, as successor trustee, automatically replaces Dahar as the Appellee. <u>See</u> Fed. R. Bankr. P. 2012(b); Fed. R. Civ. P. 25(d).

[2] As explained further below, although the "JFL Trust" filed a notice of appeal, it does not appear to be a defendant in the adversary proceeding. At best, it is shorthand for a defendant in that case against whom default judgment has been entered.

Background

Foistner filed a voluntary bankruptcy petition under Chapter 7 of Title 11 of the United States Code on May 31, 2017. See In Re: Foistner, Bk. No. 17-10796-MAF (Bankr. D.N.H. May 31, 2017). On June 27, 2018, Foistner was indicted in the District of New Hampshire for bankruptcy fraud, wire fraud, and money laundering. United States v. Foistner, 18-cr-98 (D.N.H. June 27, 2018). After a trial, Foistner was found guilty of four counts of bank fraud, one count of wire fraud, one count of money laundering, one court of false bankruptcy declaration, and two counts of false bankruptcy oath. He was sentenced to prison and ordered to pay restitution in the amount of $2,449,352.57. Id., Dkt. No. 195. The First Circuit Court of Appeals affirmed the judgment. United States v. Foistner, No. 22-1420, 2024 WL 3413644 (1st Cir. July 15, 2024).

On May 29, 2019, while the criminal charges were pending, the bankruptcy trustee commenced an adversary proceeding to recover money or property for the benefit of the estate against the Foistners, Jennifer Stanhope, Raymond Atkisson, Foistner Law Offices, P.C., American Corporate Tax Attorneys and Tax Accountants, P.C., JFL Nominee Trust, DCMV Trust, and Red River Realty Trust. Ford v. Foistner, Bk. No. 19-01033-MAF (Bankr. D.N.H. May 29, 2019).[3] In October 2023, the trustee amended his complaint. Id., Dkt. No. 289.

On January 19, 2024, the bankruptcy court entered a Pre-Trial Scheduling Order. Id., Dkt. No. 334. The order contained various deadlines, including that "[a]ll motions to amend pleadings or to join parties shall be filed and served on or before February 23, 2024." Id., Dkt. No. 374. The Foistners and DCMV Trust filed an answer to the amended complaint on February 9, 2024. Id., Dkt. No. 389.

---

[3] The adversary proceeding consists of 557 docket entries, including overlapping or duplicative motions from the various defendants in that action. The court references only the filings relevant to this order.

On July 23, 2024, the defendants filed an "objection to the plaintiff's discovery demand for interrogatories dated 26 June 2024." Id., Dkt. No. 398. That document objected to the trustee's interrogatories and contained the following request: "Allow the Debtor to file all the Compulsory Counterclaims and Impleader Claims upon release from Prison on or about 14 August 2024, allowing adequate time for their preparation." Id. at 4.

The bankruptcy court denied the Appellants' request without prejudice on September 23, 2024 (September 23 Order). Id., Dkt. No. 410. After explaining that discovery had closed and there was no basis for resolving a discovery dispute, the bankruptcy court stated:

> To the extent that relief sought by the Foistners in their discovery objection has not already been addressed, such requests for relief are inadequately supported and are denied without prejudice accordingly. In particular, to the extent that the Foistners are requesting an opportunity to amend their answer filed on February 9, 2024 (Dkt. No. 389), and to join other parties to this action, the request is denied. Under the pretrial scheduling order, the deadline for requesting or agreeing to amend pleadings (such as an answer) and to join parties was February 23, 2024. Thus, the Foistners' request is late. Even if the Court were to consider such a late request, the Foistners have not shown, among other things, that justice would require permitting them to amend their answer. See Fed. R. Civ. P. 15(a)(2).

Id. at 2.

Each of the Appellants filed individual notices of appeal of the September 23 Order.[4] Id., Dkt. Nos. 423, 427, 431, and 435. The notices were identical except for the name of the Appellant, see id., and they initiated four separate cases in the District of New Hampshire. On

---

[4] The "JFL Trust" does not appear to be a defendant in the adversary proceeding, but rather a shorthand that the parties and the bankruptcy court used to refer to the JFL Nominee Trust (Nominee Trust), which is a defendant in that case. The clerk for the bankruptcy court entered default against the Nominee Trust, and it has appealed that order. Nevertheless, the "JFL Trust" filed a notice of appeal of the September 23 Order, id., Dkt. No. 435, and Ford does not address the issue. Because the court grants Ford's motion to dismiss for the reasons stated below, the court need not address the issue further and notes it here only for the sake of clarity.

December 17, 2024, this court issued an order consolidating the four appeals into the instant case. Doc. no. 4.

## Discussion

Ford moves to dismiss the consolidated appeals. He argues that the Appellants cannot appeal the September 23 Order without leave of court because it is an interlocutory order. He further contends that the court should decline to exercise its discretion to treat the appeal notices as motions for leave to file an appeal or should otherwise decline to hear the appeal. Finally, he argues that the court should dismiss JFL Trust's appeal because it did not file an appropriate brief and is purportedly represented by Foistner, which is not permitted.

District court jurisdiction over appeals of bankruptcy court orders is governed by 28 U.S.C. § 158, which provides:

> (a) The district courts of the United States shall have jurisdiction to hear appeals
>
> (1) from final judgments, orders, and decrees;
>
> (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and
>
> (3) with leave of the court, from other interlocutory orders and decrees;
>
> of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title.

The present appeal does not fit into any of the statute's categories that confer jurisdiction automatically.

An order denying a defendant's request for leave to amend an answer and add claims is not a final judgment, order, or decree. See Strasburg v. M/Y JUST A NOTION, No. 08CV21 JLS BLM, 2010 WL 3420794, at *3 (S.D. Cal. Aug. 30, 2010) (an order "denying leave to

4

amend the answer and assert counterclaims is not a 'final order,' as it is not a final judgment nor a directly appealable interlocutory order." (citing Corn v. Guam Coral Co., 318 F.2d 622, 628–29 (9th Cir. 1963)); see also PYCA Indus., Inc. v. Harrison County Waste Water Mgmt. Dist., 81 F.3d 1412, 1421 & n.11 (5th Cir. 1996) (holding that district court's denial of motion to amend answer to add claims was not a final order that could be certified for interlocutory appeal).

Nor is the September 23 Order an interlocutory order under 11 U.S.C. § 1121(d), which addresses who may file plans of reorganization during certain time periods in a bankruptcy case. In addition, there is no dispute that the Appellants failed to obtain the bankruptcy court's leave to appeal the September 23 Order.

The court's analysis does not end here, however. "Under § 158(a)(3), district courts have discretion to grant leave for an interlocutory appeal from a bankruptcy court decision and may exercise appellate jurisdiction over such appeals." In re Ruiz, 122 F.4th 1, 8 (1st Cir. 2024). "The statutes and rules do not establish standards for a district court's exercise of this discretionary power. Most courts applying § 158(a)(3) have sensibly borrowed the standard in 28 U.S.C. § 1292(b) for interlocutory appeals from district courts to the courts of appeals." Id. (citation omitted). "Interlocutory appeals under § 1292(b) require an order (1) involving a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) for which an immediate appeal from the order may materially advance the ultimate termination of the litigation." Carabello-Seda v. Mun. of Hormiguero, 395 F.3d 7, 9 (1st Cir. 2005) (cleaned up).

Even if the court were to construe the Appellants' notices of appeal or their appellate brief as requests for leave to appeal the September 23 Order, the court would deny the request under this standard. The bankruptcy court exercised its discretion when it declined to reset the

deadline in the scheduling order to allow the Appellants to amend their answer and assert new claims. See, e.g., Palmer v. Champion Mortg., 465 F.3d 24, 31 (1st Cir. 2006) (noting that a court is "to exercise its informed discretion" in ruling on a "request to amend—especially a belated request"). The Appellants have not demonstrated how the September 23 Order involves a controlling question of law, much less one as to which there is substantial ground for difference of opinion. See, e.g., In re Bailey, 592 B.R. 400, 410 (B.A.P. 1st Cir. 2018) ("It is well established in the First Circuit that a substantial ground for difference of opinion occurs only in rare cases where an interlocutory appeal presents one or more difficult and pivotal questions of law not settled by controlling authority." (quotations omitted)). Simply put, the bankruptcy court issued an order on an issue committed to its discretion. There is no good reason for this court to exercise its appellate jurisdiction to review that decision.

   The court notes that the Appellants mention the collateral order doctrine in their objection to Ford's motion to dismiss. Doc. no. 13 at 14-15. The collateral order doctrine may confer appellate jurisdiction over interlocutory appeals from a "small class" of bankruptcy court orders if certain conditions are met. See, e.g., In re Beard, 631 B.R. 364, 365 (D. Mass. 2021) (quoting In re Bank of New England Corp., 218 B.R. 643, 649 (B.A.P. 1st Cir. 1998)). "Under federal law, for the collateral-order doctrine to apply, [the appealed] order must: (1) conclusively determine the disputed question, 2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment." Wadsworth v. Nguyen, No. 23-1400, 2024 WL 4766994, at *2 (1st Cir. Nov. 13, 2024) (quotations and alterations omitted).

   The Appellants offer no argument as to how the collateral order doctrine applies to the September 23 Order. Therefore, the court need not address the issue and deems it waived. See

United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990). Even if the Appellants had made such an argument, however, it would have been made in vain. Again, the appeal challenges an order deciding an issue that is committed to the bankruptcy court's discretion. Such an order does not satisfy the collateral order doctrine. See U.S. Fid. & Guar. Co. v. Arch Ins. Co., 578 F.3d 45, 55 n.15 (1st Cir. 2009) (noting that to satisfy the collateral order doctrine, an appealed order must involve "an important and unsettled question of controlling law, not merely a question of the exercise of the trial court's discretion"); see also Luckerman v. Narragansett Indian Tribe, 787 F.3d 621, 624 (1st Cir. 2015) ("An appeal that directly challenges only the trial court's exercise of discretion . . . usually concerns merely a question of the proper exercise of the court's discretion, rather than an important and unsettled question of controlling law, and thus usually fails to pass the . . . collateral order test." (quotations omitted)).

For these reasons, the court lacks jurisdiction to hear this appeal and declines to grant the Appellants leave to pursue an interlocutory appeal.[5]

## Conclusion

For the foregoing reasons, the Appellee's motion to dismiss (doc. no. 9) is granted. The clerk of court shall enter judgment and close the case.

SO ORDERED.

_____
Samantha D. Elliott
United States District Judge

September 18, 2025
cc:  Counsel of Record
     Joseph A. Foistner, pro se
     Laurie J. Foistner, pro se

---

[5] Because the court grants Ford's motion to dismiss on these grounds, it does not address his arguments regarding the JFL Trust.